Howell, Judge,
delivered the opinion of the court:
Plaintiff, Elizabeth M. Scott, is the widow and sole beneficiary of her late husband, Lucius Keene Scott, as evidenced by Exhibit A to the petition which is a copy of decedent’s will now on deposit with the County Clerk and Clerk of the Superior Court of the State of California in and for the County of San Diego. In plaintiff’s affidavit annexed as Exhibit B to the petition herein she states that the decedent’s property in the State of California, exclusive of any amounts due decedent for services in the armed services, does not exceed $1,000 and that in consequence of Section 680 of the Probate Court of California no probate was necessary; that the will has not been probated.
The defendant contends that the plaintiff does not have the capacity to sue since it affirmatively appears that she is neither the executrix nor the administratrix of the estate of the decedent under whom she claims. Apparently she has acted in connection with the settlement of the decedent’s estate under the provisions of the California law which make unnecessary the probate of a will and the qualification of an executor or administrator where the assets, of the estate do not exceed $1,000. Plaintiff has suggested that under the circumstances it would appear equitable to permit her to act so long as she does not attempt to administer assets exceeding $1,000 and in the event the assets of the estate should be found to exceed that amount, then, before permitting her to receive payment of the judgment bringing the assets over the $1,000 figure, the court could require here to qualify as administratrix or executrix of her late husband’s estate. We will accept plaintiff’s proposition in order to proceed to a consideration of defendant’s motion to dismiss.
The late Lucius Keene Scott was a Commander in the United States Navy and was retired prior to October 1, 1949, on account of physical disability. He died on July 10, 1950, without making an election or having an opportunity to make an election to qualify- for disability severance pay or retired pay under the terms of Section 411 of the Career Compensation Act of 1949 (63 Stat. 802, 823). Had the late *416 Lucius Keene Scott lived, he would have had the right under the provisions of Section 411 of the Act to elect to> qualify for disability severance pay in lieu of monthly retirement pay under one of the two methods provided in Section 411 of the Career Compensation Act of 1949 at any time within a five-year period, commencing on October 1, 1949.
The plaintiff claims that since her late husband died without having had the opportunity to elect to receive disability severance pay under the provisions of the Act above referred to, she as his widow and legal representative has the right to make the election in his place and that she has elected to receive disability severance pay under the provisions of said Act. Accordingly, she brings this suit against the defendant for the sum of $12,654, representing the amount of disability-severance pay which her late husband, Lucius Keen Scott, was entitle to receive under the provisions of Section-Ill of the Career Compensation Act of 1949.
This section of the statute provides, in pertinent party as follows:
Pursuant to such regulations as the President may prescribe, (1) any member or former member of the-uniformed services heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay * * * for physical disability * * * may elect within the five-year period following the effective date of this title, (A) to qualify for disability retirement pay under the provisions of' this Act and, dependent on his qualification, shall be entitled to receive either the disability retirement pay or the disability severance pay prescribed in this title: * * *. [Section 411 of the Career Compensation Act of 1949, 63 Stat. 823.]
Section 403 of such Act (63 Stat. 820) reads, in pertinent part, as follows:
A member of the uniformed services separated for physical disability pursuant to the provisions of section 402 of this title shall be entitled to receive disability-severance pay computed as follows: An amount equal to-two months’ basic pay of the rank, grade, or rating held by such member at the time of the placement of his name-on the temporary disability retired list or at the time-of his separation,' whichever is earlier, and which such *417 member would be entitled to receive at the time of separation if serving on active duty in such rank, grade, or rating, multiplied by a number equal to the number of' years of active service to which such member is entitled under the provisions of section 412 of this title but not' to exceed a total of two years’ basic fay * * *». [Italics supplied.]
It is the plaintiff’s contention that the election provided in Section 411 is not such a personal right of the retired officer as to prevent the election from being exercised by his personal representatives after his death. On the other hand,, the defendant contends that the election there provided is; clearly a personal right to be exercised by the officer-concerned.[1]
The consequences of such an election on the part of a retired officer are quite apparent. He is called upon to decide-from the standpoint of his own best interests whether to-completely sever himself from the military service and accept a lump sum of severance pay limited by Section 403 of the-1949 Act, supra, to a sum not to exceed a total of two years’" basic pay, or whether to elect to receive a stated periodic payment of retired pay for the remainder of his life.
Obviously there are a number of varied and complex considerations which any officer would be called upon to make-in arriving at the decision which would form the basis for-his election. Even after the exercise of every reasonable- and prudent faculty in arriving at his final decision, the-possibility of having reached the wrong conclusion could not possibly be eliminated. In other words, a man enjoying-excellent health within the limits of his disability might very-well conclude to accept the stated periodic payments for the-remainder of his life with the expectancy that he would live-beyond the two-year period only to be fatally stricken within *418 a- short time after he had made his election. Conversely, another might conclude because of his general poor health that he might reasonably anticipate an early demise and, .after having elected to receive the lump-sum payment, live many years longer than he reasonably anticipated at the time he was called upon to make his decision.
Were we to accept plaintiff’s contention that such right of ■election passes to the legal representatives of the officer whose ■death prevented him from making such an election, then in every instance the defendant would be called upon to pay the entire lump sum for the reason that there would be no .alternative election to be exercised.
We do not believe that Congress intended any such result. In framing the provisions of the legislative enactment which ■conferred this right of election upon the disabled retired ■officer, Congress did not make any provision for the election to be made by any one other than the individual concerned. It is true that in the Congressional Hearings (pp. 2098 and 2099, Hearings on H. R. 2553, 81st Congress, 1st Session) there was a discussion pertaining to the right of election on the part of personal representatives of those suffering from mental incapacity. In such cases where the officer might be alive but unable to make the election because of his mental incapacity, we perceive that the rule of logic and reason would require that the personal representatives be permitted to make the election for the officer concerned. However, we are of the opinion that Section 411, by its plain language, makes the election and qualification to receive either the lump sum or the periodic fixed payments for life dependent upon the officer himself and consequently we conclude that the right is of such a personal nature'that it does not pass to the heirs and legal representatives upon the death of the person involved (30 Comp. Gen. 40).
Accordingly, we must grant the defendant’s motion for an order dismissing plaintiff’s petition and enter judgment for the defendant.
It is so ordered.
MaddeN, Judge; Whitakek, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.

 Under Section 411 of the Career Compensation Act of 1949, supra, a member or former member of the uniformed services who is eligible to make an election thereunder does not have an unqualified right to elect to receive disability severance pay but is given the right to elect to qualify for disability retirement pay. Apparently once the member has made the election he still-must “qualify” to receive either disability retirement pay or disability severance pay (see the second proviso of section 402 (a), the second and third provisos-of section 402 (b), and the last proviso of section 402 (c) of the Career-Compensation Act of 1949).